★ **ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

08 — 4813

BRANDON ELLISON,

          Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
HOWARD SLADE, shield # 1164, POLICE OFFICERS
JOHN DOES 1-2,

          Defendants.

-------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 01 2008 ★
BROOKLYN OFFICE

**COMPLAINT**

Jury Trial Demanded

**GARAUFIS, J.**

**POLLAK, M.J**

## PRELIMINARY STATEMENT

1.  This is an action brought pursuant to 42 U.S.C. § 1983 and New York state law alleging civil rights violations by the City of New York and individuals employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on August 28, 2008, NYPD officers subjected him to false arrest, assault, battery, an illegal strip search, and false evidence in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and New York state law. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Howard Slade and Police Officers John Does 1-2 are members of the NYPD who were involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

8. In the evening of August 28, 2008, plaintiff was standing on the corner of East 23rd Street and Ditmas Avenue, Brooklyn, New York, talking with some friends and obeying the law.

9. Plaintiff had just come from his home located at 2116 Ditmas Avenue.

10. Approximately five minutes after plaintiff had arrived at the corner, police officers in uniform, including Officer Howard Slade, approached plaintiff and the group of men and searched them without cause.

11. Officer Slade was the officer who searched plaintiff.

12. Nothing illegal was found on plaintiff person.

13. Shortly thereafter, Officer Slade and his fellow officers, acting in concert, arrested plaintiff without probable cause.

14. Officer Slade handcuffed plaintiff and placed him in a police car.

15. Two unidentified officers drove plaintiff around Brooklyn for approximately one hour.

15. Eventually, the two officers brought plaintiff to the 70th Precinct.

16. The two unidentified officers brought plaintiff inside the precinct.

17. Shortly thereafter, Officer Slade illegally strip searched plaintiff by a cell in front of several prisoners who were inside the cell.

18. Officer Slade directed plaintiff to remove his clothes, squat and lift his testicles.

19. The aforesaid strip search was illegal because it was not conducted in private and because Officer Slade did not have reasonable suspicion to believe that plaintiff was in possession of illegal contraband.

20. After the strip search, plaintiff was placed in a cell.

21. Plaintiff was incarcerated in the cell for several hours.

22. While plaintiff was held in the precinct, Officer Slade, in furtherance of a conspiracy with the other arresting officers to frame plaintiff, prepared false police reports and misrepresented to prosecutors that Slade recovered marijuana from plaintiff's pocket.

23. Officer Slade's actions led to false misdemeanor charges being filed against plaintiff.

24. In the morning of August 29, 2008, Officer Slade released plaintiff from custody with a desk appearance ticket ordering him to appear in court on October 1, 2008.

3

25. On October 1, 2008, plaintiff appeared in court and was granted an adjournment in contemplation of dismissal.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, anxiety, humiliation, embarrassment, and a loss of liberty.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICER HOWARD SLADE AND POLICE OFFICERS JOHN DOES 1-2

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The conduct of Police Officer Howard Slade and Police Officers John Does 1-2, as described herein, amounted to false arrest, an illegal strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. The City of New York directly caused the constitutional violations suffered by plaintiff.

31. Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that many of its officers, including Officer Slade and the other arresting officers, are unfit officers who frequently commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed

to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

32. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST POLICE OFFICER HOWARD SLADE AND POLICE OFFICERS JOHN DOES 1-2

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34. The conduct of Police Officer Howard Slade and Police Officers John Does 1-2, as described herein, amounted to false arrest, assault, battery, and an illegal strip search in violation of New York state law.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

35. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34 as if fully set forth herein.

36. A notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

37. Because Officer Howard Slade and Police Officers John Does 1-2 were acting within the scope of their employment as members of the NYPD during the incidents in

question, the City of New York is vicariously liable under state law for false arrest, assault, battery, and an illegal strip search.

38. Further, for the reasons stated in ¶ 31, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained Officer Howard Slade and Police Officers John Does 1-2.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: November 29, 2008
Brooklyn, New York

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391